**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO, FLORIDA**

FILED

2011 MAY 19  AM 10: 53

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

SAMPSON OLI, an individual,

      Plaintiff,

v.

BETHUNE-COOKMAN UNIVERSITY, INC.

      Defendant.

_____/

CASE NO.:

6:11-cv-833-ORL-22-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sampson Oli, sues Defendant, Bethune-Cookman University, Inc., and alleges:

1.     This is an action for relief under ERISA and damages that exceed $75,000.00.

2.     At all times alleged hereto Plaintiff was a United States citizen residing in Daytona Beach, Volusia County, Florida.

3.     At all times alleged hereto Defendant was a Florida non profit corporation, located in Daytona Beach, Volusia County, Florida.

4.     Plaintiff performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

## COUNT I – ERISA

5.     This action arises under Sections 502 and 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 & 1140 (1974). Thus, this presents a federal question and this court has jurisdiction pursuant to 28 U.S.C. § 1331.

6.     Plaintiff realleges and incorporates paragraphs 1 through 4 of the complaint.

7.     Plaintiff was wrongfully suspended and Defendant ignored written requests for

re-instatement despite promising to do so which deprives Plaintiff of retirement benefits in violation of Section 1140, of ERISA.

8.    Plaintiff is a participant in the Defendant's BCU retirement plan (the "Retirement Plan").

9.    Plaintiff began working for Defendant over twenty five (25) years ago was suspended on April 11, 2011.

10.    Plaintiff is an exemplary employee, and had received positive performance evaluations throughout his many years of employment, and has risen to be chair of the Department of Criminal Justice and a tenured professor.

11.    Plaintiff was suspended without cause and BCU has refused to respond to written requests for re-instatement despite promising to do so within 24 hours for the purpose of denying him the right to retirement benefits.

12.    Defendant's actions interfered with Plaintiff's protected rights under the Retirement Plan in violation of 29 U.S.C. § 2250

WHEREFORE, Plaintiff requests the following relief:

(1) An order awarding Plaintiff the benefits to which he is entitled under the Retirement Plan;

(2) A declaratory judgment that the practices complained of are unlawful and void;

(3) An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiff's claims;

(4) An award of all costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

(5) An order requesting the immediate re-instatement of Plaintiff to his former position;

(6) An award for all compensatory damages incurred by Plaintiff; and

(7) For such further relief as the court deems just and proper.

## COUNT II – DEFAMATION

13.     Plaintiff realleges and incorporates paragraphs 1 through 4 of the complaint.

14.     Plaintiff was employed by Defendant, Bethune-Cookman University, Inc.,
(hereinafter referred to as "BCU"), as a professor and the chair of the Department of Criminal
Justice and he had an outstanding reputation at the University and within the community as a
good citizen and excellent professor.

15.     On or about April 11, 2011, Plaintiff was suspended by Defendant.

16.     The University's employees, acting within the scope of their employment,
knowingly made and published false accusations to other employees of Defendant and other
persons concerning Plaintiff's employment record and have accused Plaintiff of criminal activity.
These false statements were made in bad faith and for no legitimate business purpose and were
known to be false and were made with reckless disregard for the truth and there was actual
malice on the part of Defendant's employees and agents in the making of these false accusations.
There was no good business reason for the publication of the false accusations to other
employees of Defendant.

17.     As a result of the above described defamation, Plaintiff has suffered harm to his
personal and business reputation.

18.     Defendant, BCU, ratified and condoned the false  accusations and defamation by
its employees and agents and is liable, not only for the payment of compensatory damages, but
also for punitive damages.

WHEREFORE, Plaintiff prays for judgment for compensatory damages and for punitive damages and for attorney fees and costs.

Plaintiff demands trial by jury.

## COUNT III

19.     Plaintiff realleges and incorporates paragraphs 1 through 4 of the complaint.

20.     Into the employment relationship between Plaintiff and Defendant employer, the law of the State of Florida implied a covenant of good faith and fair dealing, which required, inter alia, the following:

(a) Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

(b) Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

(c) Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d) Defendant employer would similarly treat employees who are similarly situated;

(e) Defendant employer would comply with its own representations, rules, policies, and procedures in dealing with Plaintiff;

(f) Defendant employer would not suspend Plaintiff, refuse to consider re-instatement, promise to consider re-instatement within 24 hours and then ignore repeated written requests for re-instatement, without a fair and honest cause, regulated by good faith on Defendant's part.

(g) Defendant employer would not suspend Plaintiff, and refuse to consider re-instatement in an unfair manner; and,

(h) Defendant employer would give Plaintiff's interests as much consideration as it gave its own interests.

21.     Plaintiff's employment contract was written and some of the terms of his contract were:

> (a) Throughout his career with Defendant BCU the university maintained policies and practices which rewarded his exemplary performance with pay raises, increased benefits, promotions and assured the Plaintiff that he would not be suspended except for just cause. These policies and assurances created an on-going incentive in Plaintiff to develop and maintain a career commitment to Defendant employer and to forego employment opportunities with other employers.

> (b) In exchange for services, Plaintiff would receive salary and other benefits from Defendant employer.

> (c) The parties agreed to treat each other in accordance with the Constitution and the laws of the State of Florida and of the United States

> (d) Plaintiff would have a job so long as he performed his job in a satisfactory manner and discipline or discharge, if any, would occur only for just cause, and only in accordance with the university's policies and practices, Plaintiff's employment agreement as well as the specific assurances made to Plaintiff.

22.     Defendant breached and violated the covenant of good faith and fair dealing in suspending Plaintiff and in ignoring written requests for re-instatement despite covenanting and agreeing to do so within 24 hours of the request, thereby injuring Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant for re-instatement and prejudgment interests, attorneys fees, costs, and such other relief as the Court may deem appropriate due to the breach of Defendants of their actual and implied contractual obligations to Plaintiff.

Submitted this _19_ day of, May 2011.

DIEGO HANDEL, ESQUIRE
149 S. Ridgewood Ave., Box N
Daytona Beach, FL 32114
Fla. Bar No. 384429
Telephone: (386) 252-4493
Facsimilie: (386) 248-2237
Attorney for Plaintiff, Sampson Oli